```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION


Robert McFeeter,              )
                              )
            Plaintiff,        )   Case No. C-1-01-900
                              )
     vs.                      )
                              )
Kathy Jones, et al.,          )
                              )
            Defendants.       )
```

Memorandum and Order

Plaintiff initiated this action in December 2001, approximately one year after the events giving rise to his claims. Those events followed his New Year's Eve 2000 arrest by Middletown Police Officer Kathy Jones for operating a motor vehicle while under the influence of alcohol. Plaintiff acknowledges that he was sufficiently intoxicated at the time of his arrest that he remembers nothing about the period of several hours following the arrest except for being beaten by two unknown assailants while lying on the floor of a jail cell.

Plaintiff initially sued the City of Middletown and its Police Department, and Police Chief, as well as various police and corrections officers. Pursuant to a stipulation entered on March 19, 2003, Plaintiff dismissed his claims against all but four of the originally-named defendants. The remaining Defendants are Middletown Police Officers Kathy Jones and Kenneth Mynhier and Middletown Corrections Officers Mary Jones and John Spicer. Plaintiff asserts a single claim against those

Defendants. He alleges that they failed to prevent or to attempt to prevent the assault upon him in the Middletown Jail, to report the assault to superiors, and to provide evidence of the assault in response to requests from Plaintiff and his counsel. Plaintiff alleges, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, that those actions violate his constitutional rights. This matter is before the Court upon the motion of the remaining Defendants for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

1. <u>The Evidence</u>

Plaintiff's evidence concerning the alleged assault in the Middletown Jail is limited to his own deposition testimony. He testified as follows concerning his recollection of the events in question:

> Q: Do you remember being taken to the booking room at the Middletown City Jail?
>
> A: No, I don't.
>
> Q: Now you've seen the videotape of the officer attempting to book you?
>
> A: Yes, I have.
>
> Q: So you don't remember any of that, is that right?
>
> A: Not until I saw the tape.
>
> Q: Well, does the tape help you remember or -- in other words, when you saw the tape did you then remember what happened?
>
> A: No.

Q: So what is the first thing you do remember then after they attempted to book you?

A: After they attempted to book me I remember being struck.

Q: Well struck, describe that for me as much as you can.

A: Here, here and in my right side.

Q: You've indicated your nose and your right side.

A: My right side, yes.

Q: Did those occur at the same time?

A: Yes.

Q: Where were you when you were struck?

A: On the floor.

Q: On the floor of what?

A: The holding cell.

Q: Who else was present?

A: Well, I couldn't tell you that.

Q: How did you get on the floor of the holding cell?

A: Well, I couldn't tell you.

Q: Because you don't remember?

A: No. I just remember being kicked and hit in the nose. So I know I was on the floor.

Q: And again I think I might have asked this. Let me ask it again. Do you know how many people were present in the cell when you were hit and kicked?

A: No.

Q: Can you describe the person or persons who hit you?

A: No, I can't.

Q: How many times were you hit on the nose?

A:   One time.

Q:   One time?

A:   One time.

Q:   Is that a yes?

A:   Yes.

Q:   Were you hit with a fist or with an object?

A:   An object.

Q:   What type of object?

A:   It was a flashlight or a club.

Q:   And were you on your stomach or back or your side when you were struck on the nose?

A:   I don't know that.

Q:   Where was the person that struck you at the time that you were struck on the nose?

A:   In the cell.

Q:   Were they in front of you, behind?  Describe where they were in relationship between your body and their body.

A:   To be kicked on the side I would assume I was laying on my back.

Q:   We'll get to the side in a moment.  We're talking about your nose right now.  You said it was either a club or a flashlight?

A:   Yes.

Q:   But you don't remember?

A:   I don't know exactly.  I know it wasn't a fist.

Q:   But you don't remember if you were on your back or your stomach or your side when you were hit on the nose, correct?

A:   Correct.

Q: And now I'm asking about the person that struck you. Where were they when they struck you on the nose?

A: Where were they?

Q: Where were they?

A: They were in the cell.

Q: Is that the best you can tell me?

A: That's the best I can tell you.

Q: Now, were you hit or kicked or both in the side?

A: Both.

Q: How many times were you struck in the side?

A: I couldn't tell you.

Q: How many -- if it was both, how many times were you hit compared to how many times you were kicked?

A: I couldn't tell you the exact number.

Q: Can you give me an approximate number?

A: I wasn't counting.

Q: Was it more than or less than three, if you know?

* * *

A: It was more than three.

Q: More than three. Was it more or less than six, if you know?

A: I don't know.

Q: Were there more hits or kicks?

A: I couldn't tell you that.

Q: And were the hits with fists or with objects?

A: I couldn't tell you that.

Q: How many people hit and kicked you in the side?

5

A: Two.

Q: Why do you say that?

A: I just vaguely remember two people I think.

Q: Were they men or women or one of each or do you recall that?

A: Men.

Q: Can you describe either one?

A: No, I can't.

Q: You can't even give me approximation of their height, weight, anything like that?

A: No.

Q: Whether they were white or black?

A: They weren't black.

Q: Do you recall hair color, eye color, anything like that?

A: No.

Q: I'm sorry. I cut you off. Let me ask the question again. Can you recall hair color or eye color or anything like that?

A: No.

Q: Was one of those two the same person who hit you on the nose?

A: Yes.

Q: And why do you say that?

A: Well, I'd have to change my answer to no.

Q: Did they say anything to you while they were assaulting you?

A: No.

Q: Did you say anything to them?

A: Yes.

> Q: What did you say?
>
> A: I was just cussing them.
>
> Q: You were cussing?
>
> A: I don't know exactly my words.
>
> Q: So how did it stop?
>
> A: When they shut the door.
>
> Q: They just walked out and left?
>
> A: Yeah.
>
> Q: Did they say anything when they did that?
>
> A: Shut the door and left.
>
> Q: Were you still on the floor?
>
> A: Yeah.
>
> Q: Were you handcuffed at the time this alleged assault occurred?
>
> A: No, I was not.

Plaintiff's deposition, pp. 51-57.

Plaintiff has not identified evidence that tends to show that any of the Defendants knew that he was being assaulted or who was assaulting him. Nevertheless, Plaintiff alleges that the Defendants failed to prevent or to attempt to prevent the assault, failed to report the assault to their superiors, and have failed to cooperate with Plaintiff's efforts to learn more about the assault.

2. The Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presented on a motion for summary judgment is construed in the light most favorable to the non-moving party, who is given the benefit of all favorable inferences that can be drawn therefrom. United States v. Diebold, Inc., 369 U.S. 654 (1962). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original).

The Court will not grant summary judgment unless it is clear that a trial is unnecessary. The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id.

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 472 (1962). "[T]he issue of material fact required by Rule

56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial."  First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), the United States Supreme Court has stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Id. at 323; Anderson, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at

trial." <u>Celotex Corp.</u>, 477 U.S. at 322. Significantly, the Supreme Court also instructs that the "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence. <u>Id.</u>; <u>Anderson</u>, 477 U.S. at 250. Rule 56(e) requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." <u>Id.</u>

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim. <u>Id.</u> Rule 56(a) and (b) provide that parties may move for summary judgment "with or without supporting affidavits." Accordingly, where the non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

3. <u>Analysis</u>

Assuming, for the sake of argument, that Plaintiff is able to establish that the assault upon him at the Middletown City Jail occurred and that it violated rights guaranteed to him by the United States Constitution, his claim against the remaining Defendants under 42 U.S.C. §§ 1983, 1985, and 1986 fails. Plaintiff has not identified an iota of evidence that tends to show that any of those Defendants knew of the assault,

either at the time it was committed or after.  Liability for constitutional violations under the civil rights enforcement statutes must be based upon personal involvement by the defendant.  See, e.g., Salehpour v. University of Tennessee, 159 F.3d 199, 206-07 (6th Cir. 1008), cert. denied, 528 U.S. 1115 (1999).

Absent knowledge of the alleged constitutional violation on the part of any of the Defendants, Plaintiff cannot prove their active, personal involvement in those violations, including the alleged violation resulting from their failure to intervene on Plaintiff's behalf, to report the assault to superiors, or to provide information about the assault to Plaintiff and his counsel.  See id.  Plaintiff has not identified evidence of knowledge on the part of any of the remaining Defendants.  Accordingly, they cannot be held liable for constitutional violations, and they are entitled to summary judgment in this action.

4. Conclusion

For those reasons, the motion of the remaining Defendants in this action for summary judgment (Doc. 25) is hereby **GRANTED**, and this action is **CLOSED**.

**IT IS SO ORDERED.**

                                            /s/
                                    Sandra S. Beckwith
                                    United States District Judge