NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 03-4363

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
JUL 15 2004
LEONARD GREEN, Clerk

| | |
|---|---|
| ROBERT MCFEETER, | ) |
| Plaintiff-Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| KATHY JONES, in her capacity as a City | ) SOUTHERN DISTRICT OF OHIO |
| of Middletown Police Officer and | ) |
| individually, et al., | ) |
| Defendants-Appellees. | ) |

BEFORE: SILER and ROGERS, Circuit Judges, and CALDWELL, District Judge.*

**ROGERS, Circuit Judge.** Robert McFeeter, the plaintiff/appellant, claims that police officers assaulted him while he was in custody. However, because of excessive alcohol consumption on the evening of his arrest, McFeeter cannot identify his alleged assailants. McFeeter sued the officers who arrested and who booked him, the defendants/appellees, under 42 U.S.C. §§ 1983, 1985, and 1986. The district court granted summary judgment on the ground that McFeeter had not identified "an iota of evidence" tending to show that any of the defendants assaulted McFeeter. Because McFeeter has created a genuine issue of material fact as to whether Officers John Spicer and Officer Kenneth Mynhier assaulted him while Officer Katherine Jones observed, we reverse the

---

*The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*No. 03-4363*
*McFeeter v. Jones*

district court's grant of summary judgment as to these defendants. However, we affirm the district court's grant of summary judgment as to Officer Mary Jones, as McFeeter has not identified any evidence suggesting that Officer Mary Jones had any knowledge of the alleged assault.

On New Year's Eve of 2000, McFeeter went with friends to Damon's restaurant in Middletown, Ohio. McFeeter had consumed several beers before arriving at Damon's, and he drank between six and nine screwdrivers at the restaurant over a two-hour period. McFeeter became "very, very drunk" and "belligerent," and got into an argument with his girlfriend. Eventually, the restaurant manager ordered McFeeter to leave. His friends begged McFeeter not to drive, but he said he would be fine and told his friends he would meet them at a bar. McFeeter does not remember anything that transpired after he left Damon's, except for the alleged assault.

Around 10:15 p.m., Officers Katherine Jones and James Lusk of the Middletown Police Department, riding in separate cars, stopped McFeeter for driving on the wrong side of a divided road. McFeeter refused to step out of his truck, and the officers pulled McFeeter from the vehicle and secured him. On the trip to the station, McFeeter was verbally abusive, threatening Officer Jones and her children. At the station, McFeeter refused to exit the police car, and Officer Jones and Officer Kenneth Mynhier removed McFeeter from the vehicle and took him to the booking room. McFeeter also refused to cooperate with the booking, so the officers decided to place McFeeter in the holding cell until he "cooled down."

No. 03-4363
*McFeeter v. Jones*

Officer Jones and Corrections Officer John Spicer escorted McFeeter to the holding cell. According to the officers' testimony, as they reached the holding cell, Officer Spicer's belt caught the door, Spicer lost his balance, and then McFeeter fell forward into the cell. McFeeter's stomach or torso area struck the bed in the cell. Officer Spicer then positioned McFeeter on the floor and removed his personal property from his pockets. Officer Mynhier followed the others to the holding cell, but did not witness McFeeter's fall. Officer Katherine Jones completed a Use of Force Report documenting the incident. Approximately 45 minutes later, McFeeter agreed to cooperate, and he was booked by Corrections Officers James Brammer and Mary Jones.

Though, because of his drinking that evening, he has no further memory of the arrest and the booking, McFeeter recalls being assaulted while in the holding cell. In particular, he claims that, as he lay on the floor of the holding cell, a pair of male officers struck him on the nose and on his side with a flashlight or a club, and kicked him on his side. His next memory is waking up the following morning. McFeeter is unable to describe the assailants except to say that they were male and "weren't black." All of the officers involved in McFeeter's arrest and booking deny striking McFeeter.

When McFeeter woke up in his cell the next morning, his stomach was distended and he "couldn't barely move." Around 9:30 a.m., McFeeter was released. According to McFeeter's father, who picked him up from jail, McFeeter "was pretty well bent over," "couldn't hardly get up," and had to be helped to his father's truck. McFeeter was taken to a hospital and then transferred to another hospital for emergency surgery. The surgeon's post-operative diagnosis was that McFeeter

*No. 03-4363*
*McFeeter v. Jones*

suffered a laceration of the left colo-mesentery with ischemia portion of the bowel wall and small capillary tear of the spleen.

McFeeter filed suit in the United States District Court for the Southern District of Ohio against the City of Middletown, the Middletown Police Department, and various officers of the Middletown Police Department. McFeeter asserted claims under 42 U.S.C. §§ 1983, 1985, and 1986, averring that the defendants had unreasonably seized his person in violation of the Fourth and Fourteenth Amendments, deprived him of his right to due process in violation of the Fifth and Fourteenth Amendments, and conspired to cover up the assault. Following discovery, all of the defendants were dismissed pursuant to stipulation except for the three officers who escorted McFeeter to the holding cell—Officer Katherine Jones, Officer Kenneth Mynhier, and Corrections Officer John Spicer—and another officer who was working in the booking room when McFeeter arrived at the jail, Corrections Officer Mary Jones.

The district court granted summary judgment in favor of the defendants. The court assumed, for argument's sake, that a genuine issue of material fact existed as to whether McFeeter was attacked at the Middletown City Jail. However, the court determined that McFeeter "has not identified an iota of evidence that tends to show that any of those Defendants knew of the assault, either at the time it was committed or after." The court thus concluded that McFeeter could not prove the defendants' "active, personal involvement" in the alleged assault and conspiracy, as required to sustain a claim under §§ 1983, 1985, and 1986. McFeeter timely appealed.

*No. 03-4363*
*McFeeter v. Jones*

Contrary to the district court's holding, McFeeter has adduced sufficient evidence for a reasonable trier of fact to conclude that Officers Mynhier and Spicer assaulted McFeeter in the holding cell in the presence of Officer Katherine Jones.

This court reviews a district court's grant of summary judgment de novo. *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999). Summary judgment will be granted where there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "We must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the non-moving party." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002).

McFeeter has adduced sufficient evidence for a rational trier of fact to conclude that McFeeter was assaulted while in custody. One of McFeeter's friends testified that, aside from his intoxication, McFeeter "was fine" when he left Damon's (J.A. at 247), and a trier of fact could reasonably find that McFeeter was arrested minutes after leaving Damon's (J.A. at 45, 166). According to at least one officer, McFeeter showed no signs of injury at the time of his booking. J.A. at 48. However, according to McFeeter and his father, McFeeter woke up the next morning seriously injured. J.A. at 154-55, 180. The physician who treated McFeeter and an expert for the

*No. 03-4363*
*McFeeter v. Jones*

defendants opined that McFeeter sustained his injuries within the 48 hours prior to his surgery. J.A. at 123, 206. Further, the treating physician, McFeeter's expert, and two experts for the defendants all agree that McFeeter's injuries are consistent with McFeeter's account. J.A. at 52, 85, 121, 203. Finally, the treating physician and McFeeter's expert opined that his injuries could not have resulted from a trip and fall as described by the officers. J.A. at 52, 204. This evidence, which the trier of fact could credit, corroborates McFeeter's testimony that he was assaulted while in the holding cell.

While the issue is close, McFeeter has also presented sufficient evidence for a rational trier of fact to conclude that the assault was perpetrated by Officers Mynhier and Spicer—while Officer Katherine Jones observed—after the officers placed McFeeter in the holding cell. McFeeter claims that he was attacked by a pair of men who "weren't black." J.A. at 178. Officers Mynhier and Spicer, apparently both Caucasian, had the opportunity to attack McFeeter when they, along with Officer Jones, placed him in the holding cell. The testimony of various officers establishes that only one other individual entered McFeeter's cell that evening; Officer James Brammer brought McFeeter from his cell to the booking room for booking approximately 45 minutes after Officers Mynhier, Spicer, and Jones placed him in the cell. J.A. at 81, 112, 115. Should the trier of fact believe McFeeter's claim that he was attacked in his cell, it could infer from this evidence that Officers Mynhier and Spicer were the assailants and that Officer Jones witnessed the attack.

Conversely, McFeeter has not adduced any evidence indicating that Officer Mary Jones had any knowledge of the alleged assault. Officer Mary Jones remained in the booking room when Officers Mynhier, Spicer, and Katherine Jones took McFeeter to the holding cell (J.A. at 112), and

*No. 03-4363*
*McFeeter v. Jones*

McFeeter has not directed the court to any evidence suggesting that Officer Mary Jones was informed by her colleagues of the alleged assault. Therefore, summary judgment as to Officer Mary Jones was appropriate.

We emphasize that we have decided only that McFeeter has created a genuine issue of material fact as to whether he was attacked by the defendants in the holding cell. We note that, because the defendants have defended the grant of summary judgment solely on the ground that McFeeter could not establish the personal involvement of any of the defendants in the alleged assault, we have not considered whether McFeeter can satisfy the particular elements of his various causes of action. And, of course, given the procedural posture of the case, and our role as an appellate court, we have not assessed McFeeter's credibility. We leave these matters for the district court and the trier of fact.

For the foregoing reasons, we **REVERSE** the district court's judgment in favor of defendants Katherine Jones, John Spicer, and Kenneth Mynhier and **AFFIRM** the district court's judgment in favor of defendant Mary Jones.