UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT McFEETER | : | CASE NO. C-1-01-900 |
| | : | (Beckwith, J.; Hogan, M.J.) |
| PLAINTIFF, | : | |
| | : | |
| vs: | : | |
| | : | |
| CITY OF MIDDLETOWN POLICE DEPT: | | JOINT JURY INSTRUCTION |
| et al., | : | SUBMISSION |
| | : | |
| DEFENDANTS. | : | |

Now come the parties, by and through counsel, and hereby submit their Joint Jury
Instruction Submission as required by order of the Court.

    I.    Agreed Instructions

        Plaintiff has attached hereto Plaintiff's Requested Jury Instructions 1-22. The
        parties agree on all of these instructions EXCEPT Instructions 5, 10-13, and 16.

        Defendants have attached hereto Defendant's Proposed Jury Instructions 1-4.
        The parties agree to Instructions 1 and 2, but not 3 and 4.

    II.    Plaintiff's Proposed Instructions, Objected to by Defendants

        Defendant objects to Plaintiff's Requested Jury Instructions Nos. 5, 10-13, and
        16.

    III.    Defendants' Proposed Instructions, Objected to by Plaintiff

        Plaintiff objects to Defendants' Proposed Jury Instructions No. 3 and No. 4.

RUPPERT, BRONSON &
RUPPERT CO., L.P.A.

Attorneys at Law
1063 E. Second St.
Franklin, OH 45005-0369
746-2833

James D. Ruppert
Counsel for Plaintiff

(per authorization 11/3/04)

Konrad Kircher
Counsel for Defendants

RUPPERT, BRONSON
RUPPERT & D'AMICO
CO., L.P.A.
Attorneys at Law
1053 E. Second St.
Franklin, OH 45005-0369
746-2833

2

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1

### § 165.01    Nature of the Action

Plaintiff, Robert McFeeter, claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to Plaintiff McFeeter by the Fourteenth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, Plaintiff McFeeter alleges that defendant police officers subjected Plaintiff McFeeter to a deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the Constitutional right to be free from the excessive use of force against Plaintiff's person while in police custody. Plaintiff claims that defendant officers struck, hit and kicked him while detained at the Middletown City Jail and then conspired to cover-up the use of force.

Defendant police officers deny that any of their actions during the time in question violated plaintiff's constitutional rights. Defendant police officers further claim that they did not strike, hit or kick plaintiff at any time nor did they conspire to cover-up any such incident.

*Federal Jury Practice and Instructions, 5th Ed., O'Malley, Grenig & Lee, Section 165.01; Hafer v. Melo, 502 U.S. 21.*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2

### § 165.10    Generally

The federal civil rights act under which Plaintiff McFeeter brings this suit was enacted by Congress to enforce the Fourteenth Amendment of the United States Constitution.  The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

As a matter of law, under the Constitution of the United States every citizen has the right to his liberty, that is, the right not to be subjected to the use of excessive force without due process of law.  Every person has the constitutional right not to be subjected to unreasonable force while in the custody of a law enforcement officer.

Section 1983, the federal civil rights statute under which Plaintiff McFeeter sues, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

*Federal Jury Practice and Instructions, 5th Ed., O'Malley, Grenig & Lee, Section 165.10*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3

### § 165.20    Elements of Plaintiff's Claim

In order to prove plaintiff's claim, the burden is upon Plaintiff McFeeter to establish by a preponderance of the evidence each of the following elements:

First:    That defendant police officers performed acts that operated to deprive Plaintiff McFeeter of one or more of plaintiff's federal Constitutional rights, as defined and explained in these instructions, by using excessive force against Plaintiff McFeeter while he was in police custody.

Second:  That defendant police officers then and there acted under the color of state law; and

Third:    The defendant police officers' acts were the proximate cause of damages sustained by Plaintiff McFeeter.

Because Defendants Kathy Jones, Kenneth Mynhier and John Spicer were officials of the Middletown Police Department at all relevant times, these defendants were acting under color of state law. In other words, the second requirement is satisfied.

*Federal Jury Practice and Instructions, 5th Ed., O'Malley, Grenig & Lee, Section 165.20*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4

### § 6-2.12    Conspiracy to Impede Due Process

Plaintiff also brings a claim of conspiracy to impede the due process rights of the plaintiff by the defendant officers pursuant to 42 U.S.C. 1985(2). That section states that, if two or more persons conspire for the purpose of impeding, hindering, obstructing or defeating, in any manner, the due course of justice in any state, with intent to deny any citizen the equal protection of the laws, then each such person so conspiring is liable for conspiracy to interfere with civil rights.

*Section 1983, Federal Jury Practice and Instructions, Stephen Yagman, Section 6-2.12, 42 U.S.C.A. 1985(2), Second Clause*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5

### § 167.21    Conspiracy Agreement

In this suit, Plaintiff McFeeter alleges that defendants Kathy Jones, Kenneth Mynhier, and John Spicer are co-conspirators. Plaintiff McFeeter claims that these defendants conspired to deprive plaintiff of his constitutional rights by striking, hitting and kicking him while in police custody, by failing to report this incident and taking the steps to cover up this use of force. Defendants deny this and assert that they did not conspire to deprive the plaintiff of his civil rights.

There can be no conspiracy unless more than one person is involved. But it may be that not all the persons charged with being conspirators are in fact conspirators.

It is not necessary that an agreement to conspire be express. You may infer that an agreement existed from circumstantial evidence such as the coordination or common nature of defendants' actions.

One may become a member of a conspiracy without full knowledge of all the details of the conspiracy. On the other hand, a person who has no knowledge of a conspiracy but who happens to act in a way which further some object or purpose of the conspiracy does not thereby become a conspirator.

It is not necessary that a defendant know all the details of the scheme or exactly how they are to be carried out. All Plaintiff McFeeter must show is that the defendants shared a common objective.

*Federal Jury Practice and Instructions, 5th Ed., O'Malley, Grenig & Lee, Section 167.21, 42 U.S.C. Section 1985(3)*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6

## DEFINITIONS

### § 167.30    Conspiracy

A conspiracy is a combination of two or more persons, by concerted action to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means. A conspiracy is a kind of partnership, in which each member becomes the agent of every other member. The essence of the conspiracy is a combination or agreement to violate or disregard the law.

Mere similarity of conduct among various persons and the fact that they may have associated with each other and may have assembled together and may have discussed some common aims and interests is not necessarily proof of the existence of a conspiracy.

However, the evidence in the case need not show that the members entered into any express or formal agreement, or that they directly, by words spoken or in writing, stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished. In order to establish that a conspiracy existed, Plaintiff McFeeter must show that members of the conspiracy in some way or manner or through some contrivance, positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.

The evidence in the case need not show that all the means or methods set forth in the plaintiff's complaint were agreed upon to carry out the alleged

conspiracy, nor that all means or methods which were agreed upon were actually used or put into operation; nor that all persons alleged to have been members of the claimed conspiracy were members of the conspiracy.

*Federal Jury Practice and Instructions, 5th Ed., O'Malley, Grenig & Lee, Section 167.30*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7

### DEFINITIONS

### § 167.31    Knowingly

Before you may find that a defendant has become a member of a conspiracy, it must be shown by a preponderance of the evidence that a conspiracy was knowingly formed, and that the defendant who is claimed to have been a member knowingly participated in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy. To act or participate knowingly means to act or participate voluntarily and intentionally and not because of mistake, accident or other innocent reason.

*Federal Jury Practice and Instructions, 5th Ed., O'Malley, Grenig & Lee, Section 167.31*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8

**DEFINITIONS**

**§ 167.32    Intent**

You have been instructed that one of the elements of plaintiff's claim for conspiracy to deprive plaintiff of plaintiff's civil rights was that the conspiracy had to have the purpose of depriving, either directly or indirectly, any person or class of persons, of the equal protection of the law or the equal privileges and immunities under the laws. The conspiracy must aim at depriving the plaintiff of the equal enjoyment of the rights secured by the law to all persons.

Federal Jury Practice and Instructions, 5th Ed., O'Malley, Grenig & Lee, Section 167.32

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9

### § 6-2.18     Conspiracy, Proof by Circumstantial Evidence

The existence of a conspiracy does not need to be shown by direct evidence, it can be inferred from the circumstances. An agreement to conspire need not be explicit. It is sufficient for a conspiracy if there is a concerted action, and if the conspirators work together with a common design, purpose or understanding.

One may become a member of the conspiracy without full knowledge of all the details of the conspiracy. If a person with the understanding of the unlawful scheme joins it on one occasion, that is sufficient to hold him or her liable for conspiracy. The conspirator need not know all the details of the conspiracy.

*U.S. v. Williams, 714 F.2d 777; Section 1983, Federal Jury Practice and Instructions, Stephan Yagman, Section 6-2.18*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10

### § 6-1.16     DUTY TO PREVENT WRONGS

A law enforcement officer has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in his or her presence by other officers.

*Section 1983, Federal Jury Practice and Instructions, Stephan Yagman*
*O'Neill v. Krzeminski, 839 F.2d 9*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11

## § 6-1.17    DUTY TO PREVENT WRONGS

A police officer has an affirmative legal duty not to permit any other person or police officer in his or in her presence to engage in unconstitutional conduct. If any police officer witnesses another person or police officer engaging in unconstitutional conduct and does not take affirmative steps to prevent such conduct, then the officer who witnesses, but who fails to attempt to prevent such conduct, is liable for the consequences of such conduct.

*Section 1983, Federal Jury Practice and Instructions, Stephan Yagman*
*Bruner v. Dunaway, 684 F.2d 422 (6th Cir.1982)*
*Armster v. City of Riverside, 611 F.Supp. 103 (C.D.Cal.1985)*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12

§ 6-1.18        **DUTY TO PREVENT WRONGS**

If a police officer, whether supervisory or not, fails or refuses to intervene when a

constitutional violation takes place in his presence, the officer is directly liable under

Section 1983.

*Section 1983, Federal Jury Practice and Instructions, Stephan Yagman*
*Byrd v. Clark, 783 F.2d 1002, 107 (11th Cir. 986)*
*Bruner v. Dunaway, 684 F.2d 422 (6th Cir.1982)*
*Putman v. Gerloff, 639 F.2d 415, 423 (8th Cir. 1981)*
*Harris v. Chanclor, 537 F.2d 203, 206 (5th Cir.1976)*
*Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir.1972)*
*Armster v. City of Riverside, 611 F.Supp. 103 (C.D.Cal.1985)*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 13

§ 6-1.19        **DUTY TO PREVENT WRONGS**

An officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983.

*Section 1983, Federal Jury Practice and Instructions, Stephan Yagman*
*Hale v. Townley, 45 F.3d 914, 919 (5th Cir.1995)*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 14

§ 6-1.20      GROUP LIABILITY, TEAM EFFORT

No matter whose actions ultimately inflicted the plaintiff's injury, when the deprivation of rights is the result of a "team effort," all members of the "team" may be held liable.

*Section 1983, Federal Jury Practice and Instructions, Stephan Yagman*
*Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 561 (1st Cir.2989)*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 15

§ 6-1.22      **DUTY TO PREVENT WRONGS**

One who is given the badge of authority of a police officer may not ignore the

duty imposed by his office and fail to stop other officers who summarily punish a third

person in his presence or otherwise within his knowledge

*Section 1983, Federal Jury Practice and Instructions, Stephan Yagman*
*Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972)*
*Armster v. City of Riverside, 611 F.Supp. 103 (C.D.Cal.1985)*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 16

### § 6-2.14    Conspiracy, Third Party Liability (1986)

Additionally, plaintiff makes a claim for damages under 42 USC §1986. That section states that every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in instructions previously stated regarding plaintiff's claims of violations of 42 USC §1985 are about to be committed, and having power to prevent or aid and in preventing their commission, and who neglects or refuses to do so, as such wrongs are committed, is liable to the person against whom these acts were committed.

Plaintiff specifically claims that defendants Jones, Spicer and Mynhier had knowledge of a conspiracy to deprive Mr. McFeeter of his Constitutional rights, had the power and ability to aid Mr. MecFeeter or prevent the act, but failed or refused to do so.

*Section 1983, Federal Jury Practice and Instructions, Stephan Yagman, Section 6-2.14; 42 U.S.C. 1986*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 17

**O.J.I. 219.01    Civil Assault and Battery**

Plaintiff McFeeter also makes a claim against defendant officers for civil assault and battery under Ohio law.

An assault is the intentional offer or attempt, without authority or consent, to harm or offensively touch another that reasonably places the other in fear of such contact.

Words alone do not constitute assault, but must be coupled with some definite act by one with apparent ability to carry out the offensive act.

Battery is intentional, unconsented contact with another.

*O.J.I. Chapter 219, Assault, Battery and Infliction of Emotional Distress, Section 219.01 Civil Assault, Section 219.02 Battery*

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 18**

**O.J.I. 3.10        Burden of Proof**

    The plaintiff must prove that defendant officers committed the assault and battery by a preponderance of the evidence.  This duty is known as the burden of proof.

*O.J.I. Chapter 3 Introduction; Burden and Preponderance, Section 3.10 Burden of Proof*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 19

**O.J.I. 3.50        Preponderance**

Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances, in your mind, the evidence opposed to it.  A preponderance means evidence that is more probable, more persuasive, or of greater probative value.  It is the quality of the evidence that must be weighed.  Quality may, or may not, be identical with quantity.

*O.J.I. Chapter 3 Introduction; Burden and Preponderance, Section 3.50 Preponderance*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 20

### § 165.50    Causation

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to the plaintiff, and that plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Plaintiff McFeeter has a burden of proving each and every element of plaintiff's claim by a preponderance of the evidence.  If you find that Plaintiff McFeeter has not proven any one of the elements by a preponderance of the evidence, you must return a verdict for defendant police officers.

*Federal Jury Practice and Instructions, 5th Ed., O'Malley, Grenig & Lee, Section 165.50*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 21

### § 165.70    Compensatory and Nominal Damages

If you find for Plaintiff McFeeter, you must determine plaintiff's damages. Plaintiff McFeeter has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff McFeeter for the deprivation of civil rights proximately caused by the defendant police officers. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

1.    The reasonable value of any of plaintiff's property lost or destroyed during, or as a result of, the defendant police officer's unconstitutional acts;
2.    The reasonable cost of plaintiff's medical care and hospitalization;
3.    Plaintiff's physical or emotional pain and mental anguish; and
4.    Punitive damages, if any.

*Federal Jury Instructions and Practice, 5th Ed., O'Malley, Grenig & Lee, Section 165.70*

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 22

### § 165.71    Punitive Damages

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff and against one or more of the defendants and if you find that the conduct of that defendant, as submitted in these instructions, was recklessly and callously indifferent to plaintiff's constitutional rights, then in addition to any other damages to which you find Plaintiff McFeeter entitled, you may, but are not required to, award Plaintiff McFeeter an additional amount as punitive damages if you find it is appropriate to punish the defendants or to deter the defendants and other from like conduct in the future. Whether to award Plaintiff McFeeter punitive damages and the amount of those damages are within your sound discretion.

You may assess punitive damages against any or all police officers or you may refuse to impose punitive damages.  If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

*Federal Jury Practice and Instructions, 5th Ed., O'Malley, Grenig & Lee, Section 165.71*

Defendant's Proposed Jury Instruction Number 1

Parrat v. Taylor, 451 U.S. 527 (1981). Plaintiff must show that the alleged deprivation was committed by a person acting under color of law.

West v. Atkins, 487 U.S. 42, 48 (1988)

Defendant's Proposed Jury Instruction Number 2

Plaintiff must establish that he was deprived by these particular Defendants of rights secured by the constitution or the laws of the United States.

Parrat v. Taylor, 451 U.S. 527 (1981).

Defendant's Proposed Jury Instruction Number 3

Liability cannot be based upon a mere failure to act. Liability must be based upon active unconstitutional behavior.

Leach v. Shelby Co. Sheriff, 891 F2d 1241, 1246 (1989)

Defendant's Proposed Jury Instruction Number 4

Plaintiff must prove that a particular Defendant did more than play a passive role in the alleged violation or show mere tacit approval of the events.

Leach v. Shelby Co. Sheriff, 891 F2d 1241, 1246 (1989)