UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ROBERT McFEETER,** | : | **CASE NO. C-1-01-900** |
| | : | **(Beckwith, J.; Hogan, M.J.)** |
| **PLAINTIFF,** | : | |
| | : | |
| vs: | : | **MOTIONS IN LIMINE** |
| | : | |
| **CITY OF MIDDLETOWN** | : | |
| **POLICE DEPARTMENT, et al.,** | : | |
| | : | |
| **DEFENDANTS.** | : | |
| | : | |

    Now comes the Plaintiff, Robert McFeeter, by and through counsel, and hereby moves the Court for an Order prohibiting the introduction of the following: (1) the audiotape recording of Plaintiff made December 31, 2000 in the police cruiser of Officer Kathy Jones; (2) any and all evidence related to Plaintiff's activities prior to arrest including, but not limited to, his intoxication and alcoholism; (3) any testimony suggesting that Plaintiff sustained injuries in another manner.  The reasons for said motions are as follows.

    Respectfully submitted,
**/s/ James D. Ruppert**

_____
James D. Ruppert (0011817)
Joshua G. Burns (0074361)
Co-Counsel for Plaintiff

Ruppert, Bronson & Ruppert
Co., LPA
1063 E. Second Street
P.O. Box 369
Franklin, Ohio 45005
Phone: (937) 746-2832

**BRANCH ONE**

Plaintiff anticipates the Defendant will attempt to offer an audiotape created December 31st, 2000, in the police cruiser of Kathy Jones while transporting the Plaintiff to the Middletown City Jail following his arrest. Further, Plaintiff expects that Defendants will attempt to introduce this recording as a means of showing that Plaintiff was highly intoxicated and argumentative and had been making threats toward Officer Kathy Jones prior to being booked in at the Middletown City Jail. However, the introduction of such evidence will only serve to confuse and mislead the jury and lacks any probative value which would help decide this case.

Plaintiff claims that, while in the Middletown City Jail Cell, he was assaulted by the three Defendant officers. The Defendants deny that an assault occurred. Defendants, however, seek to introduce an audiotape of Mr. McFeeter while in transport to the Middletown City Jail wherein he was obnoxious and made threats to Defendant Officer Kathy Jones. This audiotape does not in anyway aid the jury in deciding whether or not an assault occurred in the jail cell. Instead, the tape simply serves to prejudice the jury. The admission of the audiotape into evidence would result in a confusion of the issues and the misleading of the jury and its intent is simply to cause the jury to reach a conclusion which it would otherwise not reach.

Therefore, Plaintiff hereby moves the Court for an Order prohibiting the introduction of the audiotape of Mr. McFeeter recorded December 31st, 2000, pursuant to Federal Rule of Evidence 403.

**BRANCH TWO**

Plaintiff herein anticipates that the Defendants will attempt to offer evidence and testimony regarding Plaintiff's conduct prior to his arrest on the night of December 31st, 2000, including, but not limited to, his prior history of alcoholism and his conduct while at Damon's Restaurant on the night in question. This evidence and testimony lacks any probative value and, instead, is unfairly prejudicial and serves to confuse the issues and mislead the jury.

Plaintiff claims that, while in the Middletown City Jail Cell, he was assaulted by the three Defendant Officers. The officers' defense is that no such incident occurred. Defendants, however, will seek to introduce evidence and testimony regarding Plaintiff's actions and level of intoxication while at Damon's Restaurant and at earlier points in the evening. Additionally, Defendants' will attempt to offer evidence regarding Mr. McFeeter's alcoholism. The obvious intent of the introduction of this evidence is to confuse the issues and focus the jury's attention on Mr. McFeeter's intoxication. This evidence and testimony in no way aids the jury in deciding whether or not an assault occurred in Mr. McFeeter's jail cell. Instead, the proposed evidence only serves to prejudice the jury and would only result in the confusion of the issues and the misleading of the jury. Therefore, Defendants must be prohibited from introducing the evidence in question pursuant to Federal Rule of Evidence 403.

**BRANCH THREE**.

Plaintiff anticipates that Defendants will attempt to suggest that Plaintiff sustained his injuries in another manner than claimed, i.e. that the injuries occurred prior to Plaintiff's arrest from a fistfight or fall. In support of this Motion, Plaintiff states that such evidence would be

misleading, without foundation and speculative. Defendants have offered no evidence Plaintiff sustained his injuries from another source prior to arrest. In fact, the Defendant Officers, as well as other officers on duty on the night in question, confirm that Plaintiff showed no signs of injury upon his booking into the city jail. Any suggestion that Plaintiff sustained his injuries from another source would require the jury to speculate on facts not in evidence. For that reason it would be unfair and unduly prejudicial to allow Defendants to suggest at trial Plaintiff sustained his injuries from another source.

Suggesting to the jury that Plaintiff's injuries occurred in some other manner without any evidence to support such a claim and thereby requiring them to speculate as to the source of these injuries would cause a substantial confusion of the issues and would mislead the jury. Therefore, the Defendants must be prohibited from suggesting to the jury that Plaintiff's injuries were sustained from an alternate source pursuant to Federal Rule of Evidence 403.

WHEREFORE, Plaintiff moves the Court for an Order prohibiting the following evidence: (1) the audiotape recording of Plaintiff made December 31, 2000 in the police cruiser of Officer Kathy Jones; (2) any and all evidence related to Plaintiff's activities prior to arrest including, but not limited to, his intoxication and alcoholism; (3) any testimony suggesting that Plaintiff sustained injuries in another manner; and grant any other relief which is fair and just.

        Respectfully submitted,

        **/s/ James D. Ruppert**

        _____
        James D. Ruppert (0011817)
        Joshua G. Burns (0074361)
        Co-Counsel for Plaintiff
        Ruppert, Bronson, Ruppert &
        Co., LPA
        1063 E. Second Street
        P.O. Box 369
        Franklin, Ohio 45005
        Phone: (937) 746-2832

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was forwarded, by ordinary U. S. Mail, this 17th day of November, 2004, to the following:

Mr. Konrad Kircher
Attorney for Defendants:  Kathy Jones, Kenneth Mynhier, John Spicer, James Brammer
    and Mary Jones
The Offices of White Blossom
4824 Socialville-Foster Road, Suite 110
Mason, Ohio  45040

        **/s/ James D. Ruppert**

        _____
        James D. Ruppert (0011817)
        Joshua G. Burns (0074361)
        Attorney for Plaintiff Robert McFeeter