UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT McFEETER, ) | Case No.: C-1-01-900 |
| ) | Judge Beckwith |
| Plaintiff, ) | |
| ) | |
| v. ) | DEFENDANTS' |
| ) | MEMORANDUM CONTRA |
| CITY OF MIDDLETOWN ) | PLAINTIFF'S MOTIONS |
| DEPARTMENT, et al., ) | IN LIMINE |
| ) | |
| Defendants. ) | |

Plaintiff has filed three Motions in Limine, seeking exclusion of the audiotape recording of Plaintiff's oral tirade while he was being transported to the jail; exclusion of evidence about Plaintiff's activities prior to his arrest including, but not limited to, his intoxication and alcoholism; and exclusion of testimony suggesting that Plaintiff sustained injuries in another manner. For the reasons which follow, the motions must be denied.

BRANCH I

Plaintiff first seeks to exclude the audiotape. Officers Kathy Jones and James Lusk made a traffic stop of Plaintiff on New Years' Eve, 2000 when they saw him driving the wrong way on a main thoroughfare. Plaintiff was obviously intoxicated and was placed in the back of Kathy Jones' cruiser. Kathy Jones then transported him to the jail. During the transport, she made an audiotape of Plaintiff's comments.

The audiotape demonstrates an extremely belligerent and abusive Plaintiff using many curse words and threatening not only the life of Officer Jones but also of her

1

family. The purpose of the introduction of the audiotape is not to influence the jury that Plaintiff is a bad man. Rather, the audiotape is probative for the following reasons.

The audiotape demonstrates that Plaintiff was in a mood to fight. Approximately thirty minutes prior to his arrest he had been asked to leave Damon's Restaurant due to his belligerence, and the other members of his party were upset with him. Plaintiff refused to ride with his girlfriend and the other members of the party, insisting that he drive himself. Plaintiff will also testify that he may have gone next door to Fricker's after being asked to leave Damon's. Defendants will suggest that an individual in Plaintiff's state of mind could very easily walk into a bar and either initiate a fight or become the target of a fight. It would only take one punch to the gut to cause the injuries which Plaintiff sustained.

The audiotape demonstrates that Plaintiff may have just been in a fight prior to being arrested and the fight would explain why he was so mad and obnoxious. Either way, the audiotape fills in a crucial gap in Plaintiff's story. It must be remembered that Plaintiff has absolutely no recollection of what he did from leaving Damon's until the next morning, except for his hazy memory of an alleged beating by two male officers in the jail.

Therefore, the audiotape is probative and would not be unfairly prejudicial.

### BRANCH II

Plaintiff next seeks to exclude evidence of Plaintiff's conduct prior to his arrest and also of his history of alcoholism.

Plaintiff has very little memory of anything that happened that evening. He does not recall leaving Damon's, he does not recall whether or not he went to Fricker's, he does not recall driving his truck, he does not recall being arrested, he does not recall being booked in the jail and he does not recall being taken to the holding cell. He only

has a hazy memory of an alleged beating. Yet, Plaintiff wants the jury to rely on his memory.

The events earlier that evening and Plaintiff's alcoholism place Plaintiff's erratic memory in context. The events of that evening, including perhaps two dozen drinks of various types, his belligerence, his verbal fights with his girlfriend and his being asked to leave Damon's, just to name a few, demonstrates significant gaps in Plaintiff's memory. Plaintiff, a career alcoholic, was admittedly on a "career drunk" that night, which explains why Plaintiff can't remember. These events and Plaintiff's alcoholism will help the jury determine whether Plaintiff's memory is credible. Furthermore, these events and Plaintiffs significant gaps in his memory demonstrate that there are other possible causes for his injuries which he simply does not remember.

Accordingly, the jury should be permitted to evaluate Plaintiff's memory and credibility in the context of the entire evening.

## BRANCH III

Finally, Plaintiff seeks to exclude suggestions that Plaintiff's injuries may have been due to other causes. Plaintiff unquestionably sustained internal injuries, and the cause was likely blunt force trauma. Plaintiff claims to have a hazy memory of a beating by two individuals whom he can only describe as white males. But as mentioned above, there are many unexplained gaps in the events of that evening which could account for the injuries. Blunt force trauma can include not only a beating by Police Officers, but a beating by bar patrons, a fall onto a hard object or being accidentally hit by an opening car door. Plaintiff's expert will testify that Plaintiff's injuries re consistent with a beating, but he cannot say where that beating occurred or that a beating is the only possible cause.

There are many possibilities for Plaintiff's injuries, and his hazy recollection accounts for only one. Defendants should not be prevented from providing the jury with the full range of possibilities.

## CONCLUSION

For these reasons, the proffered evidence is probative and would not be unfairly prejudicial. Defendants respectfully request that the Motions In Limine be denied.

Respectfully submitted,

/s/ Konrad Kircher
Konrad Kircher (0059249)
KIRCHER LAW OFFICE, LLC
4824 Socialville-Foster Road
Suite 110
Mason, Ohio 45040
513/229-7996
Fax: 513/229-7995

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Defendants' Memorandum Contra Motion In Limine was served upon James Ruppert, Esq., RUPPERT, BRONSON, RUPPERT & D'AMICO, CO., LPA, 1063 E. Second Street, P.O. Box 369, Franklin, Ohio 45005 via regular U.S. mail, postage prepaid, this 19th day of November, 2004.

/s/ Konrad Kircher
Konrad Kircher (0059249)